[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO THE ISSUE OF HOLIDAY VISITATION AND CUSTODIAL VISITATION BEYOND THE SCOPE OF THAT SET FORTH IN THE RECOMMENDATIONS BY FAMILY RELATIONS COMPLETED ON MAY 18, 1998
The principal petition for dissolution of marriage and issues allied thereto were heard by the Court, Solomon, J., on November 25, 1998.
The sole issue reserved to this jurist pertains to holiday visitation and requests that the Court amplify or expand certain visitation between the Plaintiff mother and the three minor children as expressed in the Family Relations study and report CT Page 14281 filed May 26, 1998.
The parties and their respective counsel appeared before the Court on December 1, 1998 and were heard concerning the reserved issues.
The Court makes the following findings of fact.
The Plaintiff and the Defendant are the parents of three minor children; to wit, Rebecca R. Zaugg, born January 26, 1994, and her twin sibling Ryan N. Zaugg, born January 26, 1994 and Nathan M. Zaugg born June 12, 1995.
The Court, Solomon, J., on January 20, 1998 referred issues pertaining to the minor children to the Family Relations Division of the Court for study and report.
Family Relations, in the persons of Ingrid D. Cormier and Mark R. Patterson, conducted an in-depth study of the matter concerning parental access and visitation between the parties and the children.
The parties individually conferred with Family Relations on several specific occasions during the study.
The study and recommendation filed May 26, 1998 appears to be detailed and comprehensive and appears to have taken the respective requests of the parties into account, mindful of matters of employment and the best interests of the children.
The Plaintiff now suggests that because the children were not at the time of referral in any pre-school setting and the prospects thereof were not then envisioned that the children's present enrollment in the East Hartford program should require additional access time to her; to wit, one more Saturday than is now available to her under the recommendation.
The Plaintiff resides within one block of the school facility and has participated as a volunteer teacher therein.
This past Thanksgiving there was a problem when the Defendant appeared at Plaintiff's home, and in accordance with an earlier order, requested to have the children for a portion of the day, but was denied the same and the authorities were called but no arrest or altercation ensued. CT Page 14282
The relationship between the children and the parents appears good and each express an abiding interest in doing the best they can for the children.
The attendance by the children in the pre-school program each day is to the extent of 2-1/2 hours.
The agreement as structured by Family Relations appears to have carefully taken into account the respective requests of the parties and tailored the same to the best interest of the children mindful of the parties employment and the present separate residences of the parties in East Hartford.
 Discussion
The Court after hearing the parties sees no reason why the detailed recommendations of Family Relations should not be affirmed, mindful of the input provided by each party and the time and effort put into the study by Family Relations.
The recommendation appears to be a reasonable balance of access for both parties, which hopefully will provide each parent with adequate quality time with their children.
The holiday schedule already incorporated in the report seems reasonable and adequate.
 Order
The Court adopts the Family Relations report and recommendation and orders may enter accordingly.
Austin, J.